UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY BLACKWELL,<br><br>Plaintiff,<br><br>v.<br><br>DAVID TSUI, et al.,<br><br>Defendants. | No. 2:21-cv-2207 KJM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's First Amended Complaint.[1]

The Court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

---

[1] Plaintiff filed the amended pleading before the Court had an opportunity to screen the original complaint pursuant to 28 U.S.C. § 1915A(a). His application to proceed in forma pauperis was granted in January 2022. ECF No. 8.

1

Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

I.     Complaint

At all times relevant to this action, plaintiff was housed at Mule Creek State Prison ("MCSP") in Ione, California. He alleges that his First and Fourteenth Amendment rights have been violated by MCSP Correctional Officer ("CO") David Tsui, CO James Brown, Chief Deputy Warden Brian Holmes, and Sergeant E. Baskerville. Plaintiff seeks damages.

Plaintiff, a non-binary inmate, is a member of the Inmate Advisory Council ("IAC") where he advocates for the rights of LGBTQ inmates at MCSP.[2] In the past, CO Tsui and CO Brown made multiple disparaging remarks about the LGBTQ community to plaintiff. CO Tsui once said, "All faggots are weirdos, gays are an abomination, and this place is swarming with men who fuck men, so they need men like me to set them straight!" Another time, plaintiff approached the officers regarding IAC business. CO Tsui told plaintiff, "Blackwell, how can you be a IAC [w]hen your [*sic*] obviously gay and living with a male that wears bras and panties, and you have the balls to talk to me about what I do in the building. I'll teach you!" CO Brown then said, "You have the nerve to come over to our area and talk about what we're doing wrong during second watch in our building. I'll show you how we treat faggots in this building."

On June 18, 2021, plaintiff and his cellmate were being held in the Program Office awaiting an escort to Administrative Segregation. While they waited, CO Tsui and CO Brown inventoried their personal and state property. When the officers finished, they demanded that plaintiff and his cellmate sign the property inventory form, which the inmates reluctantly signed "[u]nder duress and intimidation." Plaintiff states that there was no mention of property disposal.

After plaintiff and his cellmate returned to their cell a few days later, they learned that CO Tsui and CO Brown had given several items of their property to other inmates. One inmate, Scott Rembert, told plaintiff that Rembert's cellmate, Fantroy, was given some of the property. Plaintiff and his cellmate complained, but they were only able to retrieve some of their property.

---

[2] If plaintiff informs the court that other pronouns (such as the singular "they/them") are more appropriate, the court will honor a request to use them. It is not clear from the first amended complaint what pronouns plaintiff uses. It is also unclear to the court whether plaintiff identifies as gay as well as non-binary; plaintiff references discrimination both on the basis of gender and on the basis of sexual preference. This distinction makes no difference to the screening analysis.

The following day, Fantroy assaulted Rembert in retaliation for having told plaintiff.

On June 25, 2021, plaintiff filed an inmate grievance (the "first grievance") for staff misconduct, gender discrimination, and theft. The same day, CO Tsui issued plaintiff a Rules Violation Report ("RVR") for Possession of Excessive Property. Plaintiff alleges that Chief Deputy Warden Brian Holmes denied his first grievance without investigating his claims and based solely on the RVR issued by CO Tsui.

On June 30, 2021, plaintiff filed a second inmate grievance (the "second grievance") concerning the property theft and the RVR. Two months later, plaintiff received a response stating that the property issue was denied as duplicative of his first grievance, the staff misconduct claim was under investigation, and there would be no further response on the issue. The response did not address plaintiff's claim that the theft and RVR were related to gender discrimination.

On August 31, 2021, plaintiff filed a third inmate grievance (the "third grievance") in which he alleged that Sergeant Baskerville threatened to fire him (presumably from the IAC) if he did not drop the second grievance. When plaintiff declines, Sergeant Baskerville called him "derogatory" names and showed the confidential second grievance to other inmates and staff, which led to plaintiff being called a "Rat." The third grievance was denied on December 2, 2021.

On December 5, 2021, plaintiff filed a fourth inmate grievance (the "fourth grievance"), claiming that his first grievance was denied due to discrimination and lack of investigation. Plaintiff's fourth grievance was also denied.

Plaintiff alleges that Chief Deputy Warden Holmes denied the first through fourth grievances without conducting an adequate investigation and in retaliation for plaintiff exercising his First Amendment rights.

II. Analysis

A. First Amendment Retaliation

To state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner plaintiff must establish the following: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled

4

the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).

Plaintiff adequately alleges that CO Tsui and Sergeant Baskerville retaliated against him for the filing of the first and second grievances, respectively, and that CO Tsui and CO Brown retaliated against him for his advocacy on the IAC.[3]  Plaintiff does not, however, state a claim against Chief Deputy Warden Holmes as the allegations are too conclusory to suggest that this defendant's actions were related to plaintiff's protected conduct.

### B. Fourteenth Amendment

#### i. Equal Protection

"The Equal Protection Clause requires the State to treat all similarly situated people equally." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985)).  To state a claim for violation of the Equal Protection Clause, a prisoner must allege facts plausibly showing that the defendants intentionally treated him differently from other similarly situated inmates without a rational basis, see Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001), or that the defendants intentionally discriminated against him based upon his membership in a protected class, see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); see also Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (plaintiff must show "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class"). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in original).

---

[3] Plaintiff's allegations as to Sergeant Baskerville may also implicate the Eighth Amendment. This defendant is accused of showing plaintiff's confidential grievance to other inmates and staff, leading to plaintiff being labeled a "Rat." See, e.g., Sutton v. Wash. State Dep't of Corr., 2015 WL 4748233, at *7 (E.D. Wash. Aug. 11, 2015) ("It is well established that being revealed as a snitch may be sufficient to meet [the objectively serious risk of harm] standard." (citing Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989)).  If plaintiff chooses to file a second amended complaint and wishes to more clearly assert such a claim, he must describe the challenged conduct in sufficient detail to demonstrate that defendant was aware of the objectively serious risk to plaintiff's safety and intentionally disregarded it.

Plaintiff brings an equal protection claim against CO Tsui, CO Brown, and Sergeant Baskerville. The Court finds that plaintiff states a cognizable claim against CO Tsui and CO Brown premised on the officers' handling of inmates' personal property — that is, showing preferential treatment towards straight ad cisgender inmates versus gay, non-binary, and transgender inmates. Plaintiff does not, however, state an equal protection claim against Sergeant Baskerville. While plaintiff alleges that this defendant called him "derogatory" names when he refused to withdraw his inmate grievance, the amended complaint does not specify the nature of those insults. Without such details, there is nothing to suggest that Sergeant Baskerville's actions were related to plaintiff's status as a non-binary inmate.

       ii. Due Process

Plaintiff next asserts a due process claim against all defendants for "denying gays, non-binary, and the transgender inmates the opportunity to be free from harassment, discrimination, and gender[-]based stereotyping." Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall 'deprive any person of life, liberty, or property without due process of law.' " Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir. 1986), overruled on other grounds, Sandin v. Conner, 515 U.S. 472 (1995). The due process guarantees of the Fourteenth Amendment thus "apply only when a constitutionally protected liberty or property interest is at stake." Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir. 1993). As there is no liberty interest in being free from harassment, discrimination, or stereotyping, this claim fails as to all defendants.[4]

Liberally construing the pleading, plaintiff also asserts a due process claim against Chief Deputy Warden Holmes for his role in reviewing plaintiff's grievances. But plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that there is no protected liberty interest to a grievance procedure). California's

---

[4] This finding does not render plaintiff without recourse. Discrimination claims are properly analyzed under the Equal Protection clause of the Fourteenth Amendment. Claims of harassment and stereotyping, however, are not cognizable. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) ("verbal harassment generally does not violate the Eighth Amendment"); opin. amended on denial of rehearing, 135 F.3d 1318 (9th Cir. 1998).

1  regulations grant prisoners a purely procedural right: the right to have a prison appeal.  See Cal.
2  Code Regs. tit. 15, §§ 3084-3084.9 (2014).  In other words, prison officials are not required under
3  federal law to process inmate grievances in a certain way.  Thus, the denial, rejection, screening
4  out of issues, review, or cancellation of a grievance does not constitute a due process violation.
5  See, e.g., Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015) (a prison official's denial of a
6  grievance does not itself violate the constitution); Wright v. Shannon, No. 1:05-cv-01485-LJO-
7  YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison
8  officials denied or ignored his inmate appeals failed to state a cognizable claim under the First
9  Amendment); Towner v. Knowles, No. CIV S-08-2823 LKK EFB P, 2009 WL 4281999 at *2
10 (E.D. Cal. Nov. 20, 2009) (allegations that prison officials screened out his inmate appeals
11 without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 1:09-CV-
12 00568-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no
13 protected liberty interest in the vindication of his administrative claims.").  Similarly, plaintiff
14 may not impose liability on a defendant simply because he played a role in processing plaintiff's
15 inmate appeals.  See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (because an
16 administrative appeal process is only a procedural right, no substantive right is conferred, no due
17 process protections arise, and the "failure to process any of Buckley's grievances, without more,
18 is not actionable under section 1983.").  Accordingly, plaintiff cannot and does not state a
19 cognizable claim based on the processing and/or denial of any inmate grievance.
20      III.    Leave to Amend
21          For the reasons set forth above, the Court finds that the amended complaint does not state
22 a First Amendment retaliation claim against defendant Holmes, a Fourteenth Amendment equal
23 protection claim against Sergeant Baskerville, or a Fourteenth Amendment due process claim
24 against any defendant.  However, it appears that plaintiff may be able to allege facts to remedy
25 this, and he will be given the opportunity to amend the complaint if he desires.
26          Plaintiff may proceed forthwith to serve defendants CO Tsui, CO Brown, and Sergeant
27 Baskerville on his First Amendment retaliation claim, and against CO Tsui and CO Brown on his
28 ////


Fourteenth Amendment equal protection claim. In the alternative, plaintiff may delay serving any defendant and file a second amended complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend, he will be given thirty days to file a second amended complaint. If plaintiff elects to proceed on his claims against defendants CO Tsui, CO Brown, and Sergeant Baskerville without further amendment, the court will proceed to serve the amended complaint. A decision to go forward without amending the operating pleading will be considered a voluntarily dismissal without prejudice of his First Amendment retaliation claim against defendant Holmes, his Fourteenth Amendment equal protection claim against Sergeant Baskerville, and his Fourteenth Amendment due process claim against all defendants.

If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. This is because, generally, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended

////

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV.     Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the amended complaint state claims against the defendants and some do not.  You properly allege that CO Tsui, CO Brown, and Sergeant Baskerville violated your First Amendment rights by retaliating against you for protected conduct, and that CO Tsui and CO Brown violated your Fourteenth Amendment rights by treating you differently from straight male inmates.  You do not state a First Amendment retaliation claim against defendant Holmes, a Fourteenth Amendment equal protection claim against Sergeant Baskeville, or a Fourteenth Amendment due process claim against any defendant.

You have a choice to make.  You may *either* (1) proceed immediately on your First and Fourteenth Amendment claims against CO Tsui, CO Brown, and Sergeant Baskerville and voluntarily dismiss the other claims *or* (2) try to amend the amended complaint.  If you want to go forward without amending the amended complaint, you will be voluntarily dismissing without prejudice all claims against Chief Deputy Warden Holmes, your Fourteenth Amendment equal protection claim against Sergeant Baskerville, and your Fourteenth Amendment due process claim against all defendants.

If you choose to file a second amended complaint, it must include all claims you want to bring.  Once a second amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or wait for defendants to be served).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint does not state a First Amendment retaliation claim against defendant Holmes, a Fourteenth Amendment equal protection claim against Sergeant Baskerville, or a Fourteenth Amendment due process claim against any defendant.

2. Plaintiff has the option to proceed immediately on his First Amendment retaliation claim against CO Tsui, CO Brown, and Sergeant Baskerville, and his Fourteenth Amendment equal protection claim against CO Tsui and CO Brown. In the alternative, plaintiff may file a second amended complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the amended complaint as screened and will recommend dismissal without prejudice of the claims against Holmes, the Fourteenth Amendment equal protection claim against Sergeant Baskerville, and the Fourteenth Amendment due process claim against all defendants.

DATED: March 3, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY BLACKWELL,<br><br>Plaintiff,<br><br>v.<br><br>DAVID TSUI, et al.,<br><br>Defendants. | No. 2:21-cv-2207 KJM AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

_____ Plaintiff wants to proceed immediately on his First Amendment retaliation claim against CO Tsui, CO Brown, and Sergeant Baskerville, and his Fourteenth Amendment equal protection claim against CO Tsui and CO Brown.  Plaintiff understands that, by going forward without amending the amended complaint, he is voluntarily dismissing without prejudice his First Amendment retaliation claim against Holmes, his Fourteenth Amendment equal protection claim against Sergeant Baskerville, and his Fourteenth Amendment due process claim against all defendants pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants to amend the amended complaint.

DATED:_____                    _____
                                                  Bradley Blackwell
                                                  Plaintiff pro se

1